UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN
LABORERS' PENSION FUND, et al.,

       Plaintiffs,

                                    File No.  4:03-CV-163

v.

                                    HON. ROBERT HOLMES BELL

J & D MASONRY, INC., a Michigan
corporation,

       Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs'[1] second verified statement of attorney's

fees and costs pursuant to 29 U.S.C. § 1132.  (Dkt. No. 88.)[2]   Title 29, section

---

[1]The Plaintiffs in this case are: Trustees for the Michigan Laborers' Pension Fund, Trustees for the Michigan Laborers' Health Care Fund, Trustees for the Michigan Laborers' Annuity Fund, Trustees for the Michigan Laborers' Training and Apprenticeship Fund, Trustees for the Michigan Laborers' and Employers' Cooperation Trust Fund, Trustees for the Michigan Laborers' Vacation Fund, Trustees for the Bricklayers' and Allied Craftworkers' Pension Fund, Trustees for the Michigan Bricklayers' and Allied Craftworkers' Health Care Fund, Trustees for the Michigan Bricklayers' and Allied Craftworkers' Apprenticeship & Training Fund, Trustees for the International Masonry Institute Fund, and Trustees for the International Brotherhood of Bricklayers and Allied Craftworkers' Pension Fund.

[2]The Court's November 14, 2007, stipulated order provided that Plaintiffs had until November 28, 2007, to file a second verified statement of attorney's fees and costs seeking additional attorney's fees and costs.  (Dkt. No. 87, 11/14/2007 Stip. Order 2.)   In conformance with the Court's November 14, 2007, order, Plaintiffs filed a second verified statement of attorney's fees and costs on November 28, 2007.  (Dkt. No. 88.)   On December 3, 2007, Plaintiffs filed an amended second verified statement of attorney's fees and costs.  (Dkt. No. 89.)  The two documents are identical except that the amended second verified statement of attorney's fees and costs contains the original signatures.

1132(g)(2)(D) of the United States Code provides that under ERISA the Court may award "reasonable attorney's fees and costs" to the fiduciary of a plan who brought an action in which judgment has been entered in favor of the plan. 29 U.S.C. § 1132(g)(2)(D). The Court entered judgment in favor of the two underlying plans on August 30, 2004. (Dkt. No. 28, 08/30/2004 Mem. Op. & J. 2.) Therefore, Plaintiffs are entitled to "reasonable attorney's fees and costs" pursuant § 1132(g)(2)(D).

On November 14, 2007, the Court entered a stipulated order that awarded Plaintiffs attorney's fees and costs in the amount of $11,237.29, based on the attorney's fees and costs Plaintiffs had incurred up to the entry of summary judgment. (11/14/2007 Stip. Order 2.) The attorney's fees and costs recoverable pursuant § 1132(g)(2)(D) include the attorney's fees and costs incurred after the entry of judgment. *See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1404 (6th Cir. 1995) (holding that attorney's fees and costs incurred on appeal are recoverable pursuant § 1132(g)(2)(D)). As the award of $11,237.29 only included Plaintiffs' attorney's fees and costs incurred through the entry of summary judgment, the November 14 stipulated order permitted Plaintiffs to file a verified statement of the attorney's fees and costs that had been subsequently incurred. Plaintiffs filed the second verified statement of attorney's fees and costs on November 28, 2007. Pursuant to the stipulated order, Defendant J & D Masonry Inc. had until December 15, 2007, to file objections to the Plaintiffs' second verified statement of attorney's fees and costs; however, Defendant did not file any objections.

2

Plaintiffs' second verified statement of attorney's fees and costs seeks a total of $13,134.10. The $13,134.10 is comprised of $11,970.00 in attorney's fees and $1,164.10 in costs. Plaintiffs seek attorney's fees at the rate of $175.00 per hour, which the Court finds reasonable in consideration of the expertise required in this matter. Plaintiffs have itemized in tenth of hour increments a total 68.40 hours of attorney time that have been spent on this matter since the entry of summary judgment. This time was spent primarily on efforts to enforce the judgment and then on efforts to reach the stipulated agreement memorialized in the November 14 stipulated order. The Court finds that the tasks for which the time was spent and the amount of time spent on individual tasks were reasonable. Plaintiffs have also itemized the $1,164.10 in costs. Based on the itemizations, the Court finds the $1,164.10 reasonable. As the Court has found the entirety of the $13,134.10 reasonable, pursuant to § 1132(g)(2)(D) Plaintiffs are entitled to an award of attorney's fees and costs in that amount.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are awarded attorney's fees and costs in the amount of **$13,134.10** against Defendant J & D Masonry Inc. This award of $13,134.10 is in addition to the $11,237.29 the Court awarded on November 14, 2007.


Date:    January 24, 2008            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE

3